HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL G SZMANIA,

    Plaintiff,

v.

E-LOAN, INC., et al.,

    Defendants.

CASE NO. C16-5644-RBL

ORDER DENYING MOTION TO RECUSE

THIS MATTER is before the Court on Plaintiff Szmania's Motion to Recuse [Dkt. #37]. The case involves a pending foreclosure. Szmania has filed six Motions since the case was removed to this Court on July 20, four of them before he filed this Motion on August 22.

Szmania litigated a prior, unrelated case in this Court, which the Court dismissed with prejudice. Szmania's current Motion is based on these lines in the Order dismissing that case:

> *"Plaintiff has filed a spectacularly frivolous suit and is hereby warned that further filing of similar suits will result in sanctions".* And Page 3:4-5. *"The case is **DISMISSED WITH PREJUDICE**."*

[Dkt. #37 in this case; s*ee also* Dkt. #18 in *Szmania v First Horizon Loan Corporation*, Cause No. 13-cv-5090RBL,]. The Court has reviewed its prior Order and stands by it.

ORDER DENYING MOTION TO RECUSE - 1

1    A federal judge should recuse himself if "a reasonable person with knowledge of all the
2 facts would conclude that the judge's impartiality might reasonably be questioned." 28 U.S.C.
3 §144; 28 U.S.C. § 455; *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is
4 an objective inquiry concerned with whether there is the appearance of bias, not whether there is
5 bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v.*
6 *Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In the absence of specific allegations of personal
7 bias, prejudice, or interest, neither prior adverse rulings of a judge nor his participation in a
8 related or prior proceeding is sufficient" to establish bias.  *Davis v. Fendler*, 650 F.2d 1154, 1163
9 (9th Cir. 1981); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings
10 alone almost never constitute valid basis for a bias or partiality motion.").

11    Under the Local Rules of this District, a motion for recusal is addressed first to the
12 presiding judge, and if the judge does not recuse voluntarily, the matter is referred to the chief
13 judge for review. *See* LCR 3(e). This Court therefore considers Szmania's Motion in the first
14 instance.

15    Szmania's claim of bias is based solely on his claim that this Court described his prior
16 claim as spectacularly frivolous and dismissed it with prejudice. If this were the rule, a litigant
17 would never have to litigate a second case before a Court that found his first case wanting. This
18 is not the law, and it should not be the law. The prior case is unrelated and the rulings in it have
19 no bearing on this case.

20    This Court will not recuse itself voluntarily, and **REFERS** this matter to Chief Judge
21 Martinez under LCR 3(e).

1      The remaining pending motions [Dkt. #s 6, 12, 13, 16, 18, 23, and 40] will be resolved in

2 a separate Order(s) after Judge Martinez rules on the Motion to Recuse.

3      IT IS SO ORDERED.

4      Dated this 1st day of September, 2016.

*/s/ Ronald B. Leighton*

Ronald B. Leighton
United States District Judge