HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL G SZMANIA,<br><br>    Plaintiff,<br><br>    v.<br><br>E-LOAN, INC., *et al.*,<br><br>    Defendants. | CASE NO. C16-5644-RBL<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>[Dkt. #56] |

THIS MATTER is before the Court on the following motions: Defendants' Motion to Dismiss [Dkt. #56[1]], and Plaintiff Szmania's Motion to Strike Defendants' Motion and for "Two Certified Questions to the Washington Supreme Court" [Dkt. #57].

The Defendants sought and obtained an order striking Szmania's initial complaint as not plausible under Rule 12's *Twombly* standard. [Dtk. #s 13 and 49]. He filed an amended complaint [Dkt. #53]. Defendants now seek dismissal with prejudice and without leave to amend, arguing the latest complaint does not address the deficiencies in the original. Szmania asks the Court to strike the Defendants' motion, and to certify to the Washington Supreme Court two questions about the propriety of litigating a "foreclosure" case in this Court:

---

[1] Defendant Petiprin joins [Dkt. #62] the other defendants' Motion to dismiss.

> "Does a Federal District Court have Subject Matter Jurisdiction to hear a foreclosure case under the Deed of Trust Act, RCW 61.24 when *RCW 61.24.040 (g) (2) Paragraph 6,* reads as follows: *You may contest this default by initiating court action in the Superior Court of the county in which the sale is to be held. In such action, you may raise any legitimate defenses you have to this default?"*
>
> And
>
> "Is a Federal District Court the proper Venue to hear a foreclosure case under the Deed of Trust Act, RCW 61.24 when RCW 61.12.040 reads as follows: *Foreclosure—Venue. When default is made in the performance of any condition contained in a mortgage, the mortgagee or his or her assigns may proceed in the superior court of the county where the land, or some part thereof, lies, to foreclose the equity of redemption contained in the mortgage?.*"

[Dkt. # 57 at 9, 10].

Szmania's request for certification is **DENIED**. This is not a foreclosure case. Szmania is the plaintiff, and the Defendants properly removed his claims here, invoking the Court's diversity jurisdiction. Szmania's motion to remand was already denied. And the court plainly has subject matter jurisdiction over claims under the cited state law statutes. There is no reason to certify the two proposed questions to the Washington Supreme Court.

Defendants' Motion to Dismiss argues persuasively that Szmania's amended complaint does not address the deficiencies outlined in its initial motion to strike or this Court's Order granting the same [Dkt. #49]. This is the fourth case Szmania has filed in an effort to avoid his loan and to avoid foreclosure on the security he pledged for his repayment obligation. The Defendants argue that Szmania's repeated claim that he "paid" the loan is barred by *res judicata*,

as he litigated and lost that claim in state court. *See Szmania v. Countrywide Homes Loans, Inc.*, 160 Wn. App. 1002 (2011).

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether

1 | there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v.*
2 | *Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

3 |     Szmania claims that the Defendants do not have standing, based on the prior litigation's
4 | alleged holding that EMC is the beneficiary of the note. He claims the defendants now seeking to
5 | enforce it are therefore "strangers" to the note. In a related claim, Szmania argues, again, that his
6 | note was already "paid off"—apparently confusing "sold" with "satisfied" or "extinguished."
7 | The Court already explained that the sale of a note does not have the effect Szmania claims that
8 | it does.  In any event, this claim is barred by *res judicata*.

9 |     Szmania similarly claims that the securitization of the loan made it unenforceable. No
10 | court has so held, and this Court already struck this claim—and explained why it did so—in its
11 | prior order [Dkt. #49]. Szmania is not a party to the securitization contract and has no standing to
12 | complain about it.

13 |     Finally, Szmania claims that the limitations period for enforcing the note has expired.
14 | The limitations period on an installment note does not begin to run—a claim to enforce the note
15 | does not accrue—until the note either matures or is accelerated by the creditor. *See Edmundson*
16 | *v. Bank of America, N.A.*, No. 740116-4-I I (Washington Court of Appeals Division I, July 11,
17 | 2016). Where a contract instead calls for payment of an obligation by installments, the statute of
18 | limitations begins to run for each installment at the time such payment is due. *See* 25
19 | Washington Practice §16:20 at 196 (2012-13 Supp.). There is no claim that either has occurred
20 | here.

21 |     For these reasons, the reasons articulated in the Court's prior Order, and for the reasons
22 | outlined in the Defendants Motion and Reply, none of Szmania's claims are plausible. The
23 | Motion to Dismiss is **GRANTED**. Because Szmania has now unsuccessfully sought to articulate
24 |

1  claims sufficient to avoid his debt at least five times, and because he cannot amend his complaint

2  again to make his claims plausible, his claims are **DISMISSED** with prejudice and without leave

3  to amend.

4  Defendants' requests for sanctions or a bar order are denied without prejudice.

5  IT IS SO ORDERED.

6  Dated this 18th day of November, 2016.

                                              _____
                                              Ronald B. Leighton
                                              United States District Judge